DOWNEY BRAND LLP
STEPHEN J. MEYER (BAR NO. 75326)
JEFFREY S. GALVIN (BAR NO. 170223)
DAVID A. LIVINGSTON (BAR NO. 215754)
555 Capitol Mall, Tenth Floor
Sacramento, CA 95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100

Attorneys for Defendant and Counterclaimant
INSURANCE VENTURES, INC., and for
Defendants CARL FRANK and STEPHANIE F. SMITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTA FIRE INSURANCE CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>INSURANCE VENTURES, INC.; PAUL McNEESE ROESSER; RONALD CLARK COLTON; STEPHANIE FRANCIS SMITH; CARL FRANK; LAW OFFICES OF COLTON & ROESSER; DOES 1 THROUGH 20,<br><br>            Defendants. | Case No. CIV S-04-296 FCD PAN<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Due to the sensitive nature of certain information being sought in this action, the parties wish to place limits on the disclosure of information outside of this lawsuit. The parties thus hereby submit this Stipulated Protective Order.

The parties recognize that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. *San Jose Mercury News, Inc. v. U.S. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999); *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 944-95 (7th Cir. 1999) ("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding").

The public interest, however, does not always trump litigants' property and privacy interests, and Federal Rules of Civil Procedure ("FRCP"), rule 26(c) authorizes a district court to

override the presumption of public access to discovery materials where good cause is shown. *See San Jose Mercury News*, 187 F.3d at 1103. FRCP 26(c) states, in relevant part, that: "Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FRCP 26(c)(7). For good cause to exist, the party seeking protection bears the burden of showing that prejudice or harm will result if no protective order is granted. *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information.

Specifically, this action arises between participants in a competitive industry. Discovery in this case will include production of confidential financial information, which -- if shared with opposing and competing parties, as well as the public -- specifically could harm the disclosing party's business because it would result in the loss of the proprietary status of certain business assets and information. This case also may involve the production of personal financial information, of the parties or of third parties, which may burden their privacy interests.

Furthermore, the parties recognize that the disclosure of certain discoverable information may be harmful to a party's business if disclosure is made either to the public or to the other parties in this action, but that the disclosure of certain information must be made in order for the respective parties to prosecute and/or defend their respective cases. Given this dichotomy, the parties desire to adopt a two-tier protective order to address confidentiality concerns. Accordingly, under the two-tier system, one tier of confidentiality will permit the disclosure of confidential information to the parties but not the public, as disclosure of such information would be harmful only if made to the public. The other tier will be reserved for "attorney's eyes only," because disclosure of such information would be harmful whether made to the public or other

1  parties in this action.

2      Without waiving any objections to the discoverability of any such information, the parties
3  intend to provide a mechanism by which discovery of relevant information, otherwise not
4  objectionable, may be obtained in a manner which protects all parties, including nonparties and
5  third parties to this litigation, from the risk of disclosure of such confidential information.

6      WHEREFORE, the parties, by and through their respective counsel, hereby stipulate to
7  and seek the Court's approval of, the following protective order:

8      1. Any party acting in good faith to preserve information sought in discovery may
9  designate such information or documents containing such information as "Confidential" (herein
10 referred to as "Confidential Information"). A party may only designate information as
11 confidential if, in good faith, that party concludes that specific identifiable harm will result from
12 disclosure of information to the public, and that the balance of the public's interest in having
13 access to the document versus the private interest in maintaining its secrecy weighs in favor of
14 non-disclosure. In making such a determination, the disclosing party shall consider the following
15 factors, which are neither mandatory nor exhaustive: (1) whether disclosure will violate any
16 privacy interests, (2) whether the information is being sought for a legitimate purpose or for an
17 improper purpose, (3) whether disclosure of the information will cause a party embarrassment, (4)
18 whether confidentiality is being sought over information important to public health and safety, (5)
19 whether the sharing of information among litigants will promote fairness and efficiency, (6)
20 whether a party benefiting from the order of confidentiality is a public entity or official, and (7)
21 whether the case involves issues important to the public. *See Glenmede Trust Co. v. Thompson*,
22 56 F.3d 476, 463 (3d Cir. 1995). This protective order does not, however, protect documents that
23 are part of the public record.

24     2. Any party or non-party wishing to come within the provisions of this Order may
25 designate as "Confidential" the documents or portions thereof which it considers confidential at
26 the time the documents are produced. Each page of the document so designated must be marked
27 "Confidential" by the producing party. "Confidential" documents or things which cannot be
28 reasonably labeled pursuant to this Paragraph shall be so designated by the producing party by

DOWNEY BRAND LLP

658224.6

3

1  informing the receiving party in writing.  It is the intent of the parties that each document
2  previously transmitted and designated as "Confidential" is to be covered by this Stipulated
3  Protective Order.  Further, the parties may designate documents produced by non-parties as
4  "Confidential" by providing specific written designation to all parties and the non-party within
5  ten (10) days of the date that the non-party produces the documents.  Within that ten-day period
6  the documents provisionally shall be treated as "Confidential," unless the parties otherwise agree
7  in writing.  With respect to documents already produced by third parties, they also may be
8  designated as "Confidential" by any party, in which case the designation shall only apply
9  prospectively, *i.e.*, from the time of notice of designation.

10        3.     Subject to further order of the Court, any documents or discovery responses
11  labeled as "Confidential" as well as any copies or excerpts thereof, or analyses or reports which
12  pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be
13  used in connection with all phases of this proceeding (including but not limited to written
14  discovery, depositions, discovery disputes, and dispositive motions filed in connection with this
15  case, as well as the trial of this case on the merits), and in connection with all phases of related
16  state court proceedings, entitled *Insurance Ventures, Inc. v. Vesta Fire Insurance Corp.*,
17  Sacramento Superior Court case number 04AS00268, and *Vesta Fire Insurance Corp. v. Equity*
18  *Insurance Managers, Inc.*, Orange County Superior Court case number 05CC02893, but not for
19  any other purpose.  Nothing contained within this Paragraph shall be deemed to limit the right of
20  the parties to use confidential information for any impeachment purpose.  Documents marked as
21  "Confidential," and their contents, may be shown, given, made available or disclosed, wholly or
22  in part, only to the following:
23        a.     Attorneys of record in this action and counsel for the receiving party and
24  employees of such attorneys, including copy services, on a need to know basis;
25        b.     The parties to this action, including, in the case of corporate parties, their officers,
26  directors, agents, representatives, and other employees;
27        c.     Expert witnesses and their staff who are not directly associated with a party;
28        d.     Court reporters and their staff who are required to transcribe testimony;

658224.6                                                 4

  e. The insurers and reinsurers of the parties, and their counsel;

  f. The California Department of Insurance and/or any other governmental agency in response to a written request, signed by an agency official, so long as the procedures set forth in Paragraph 6 below are followed; and

  g. Any other person, provided that all parties consent in writing prior to the disclosure of information to that specific person.

  4. Confidential Information further may be designated "Restricted Confidential Information: For Counsel Only" by marking each document containing such information with the legend "Restricted Confidential Information: For Counsel Only," "Attorneys' Eyes Only" or "Restricted Confidential" (hereinafter referred to as "Restricted Information") in the same manner and within the same time limitations as the marking of such information as "Confidential" set forth in Paragraph 2 hereof.  A party wishing to designate a document "Restricted Confidential" shall employ the same theory and consider the same factors as described in Paragraph 1, above, and must also conclude in good faith, that the disclosure of such "Restricted Confidential" information to the adverse party would severely prejudice and/or injure the producing party's business.  All documents or things designated as "Restricted Information" are included within the meaning of "Confidential Information" and all provisions of this Order applying to Confidential Information shall apply to Restricted Information, but Restricted Information may be disclosed only to the persons identified in subparagraphs 3(a), 3(c), and 3(d), above.

  5. In the instance of deposition testimony, any party and any third party witness may provisionally designate the testimony as "Confidential" or "Restricted Confidential" by so stating on the record at the deposition.  If such a designation is made at the deposition, then any party or the third party witness subsequently may designate the specific page or pages of the deposition transcript to which the designation(s) will apply.  Such designation(s) shall be supplied in writing to the court reporter and to all parties and the third party witness within 30 days after the transcript becomes available.  In the absence of timely written confidentiality designations, the transcript shall lose its provisional "Confidential" or "Restricted Confidential" designation, and the testimony will be treated as public information.

6. If the California Department of Insurance or another governmental agency requests that a non-designating party provide Confidential Information or Restricted Information, then a copy of that agency's request shall be transmitted to the designating party by facsimile at least ten (10) days before the intended disclosure.

7. Each person permitted by the parties or their counsel to have access to designated information under the terms of this Order (other than the persons identified in Paragraphs 3(a) and 3(b)) shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each such person shall sign a statement in the form of Exhibit A hereto indicating that he or she has read the Order and agrees to comply with its terms. Counsel who requests that a recipient sign Exhibit A shall retain a signed copy of Exhibit A. Signed copies of Exhibit A shall be produced, upon request, at the deposition of any individual identified in Paragraph 3(c).

8. The parties acknowledge the burden placed on the Court when papers are filed under seal. No papers designated as Confidential Information or Restricted Information in accordance with Paragraphs 2 or 4, above, shall be filed under seal except pursuant to further order of the Court pursuant to Eastern District Local Rule 39-141. The non-filing parties will not oppose any application or motion to file papers under seal and will cooperate in expediting the resolution of the issue, including, if appropriate, by entering into a stipulation.

9. Any party may dispute a confidentiality designation by providing specific written notice to the designating party. If the parties are unable to resolve the issue, the designating party, within 30 days of receipt of the notice, must file a motion with the Court to establish that the material or information at issue merits the specified level of confidentiality. The putatively Confidential Information or Restricted Information may be lodged under seal with such a motion. If such a motion is made or resisted without substantial justification, the prevailing party will be entitled to reasonable fees and costs incurred as a result.

10. This Stipulation and Order may be modified only if such modification is in writing, signed by the parties, and approved by an Order of the Court.

11. Upon termination of this proceeding, unless the attorneys of record otherwise

658224.6

6

agree in writing, each party shall: (a) assemble and return all designated materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or (b) destroy all designated materials and provide the other party with written certification that such destruction was made. Each attorney of record may retain one copy of any designated materials and retain all copies of designated materials containing attorney work product provided that such documents will retain their confidentiality designation indefinitely while being held by the attorney.

12. This Stipulation and Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation and Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document or information, or altering any existing obligation of any party or the absence thereof. Nothing in this Order shall be deemed to impact in any way a party's right to object to any discovery request on any ground, including attorney-client privilege, work product immunity, or any other protection provided by law. This Order shall not preclude any party from seeking another form of protective order.

13. Any party may seek reconsideration or modification of this Order at any time for good cause. The Court shall retain jurisdiction to modify or enforce this Order even after the final resolution of this action.

DATED: June 14, 2005          Respectfully submitted,

DOWNEY BRAND LLP

"/s/ Jeffrey S. Galvin"

By:_____
JEFFREY S. GALVIN
Attorney for Defendant and Counterclaimant
INSURANCE VENTURES, INC., and for Defendants
CARL FRANK and STEPHANIE F. SMITH

| | | |
|---|---|---|
| 1 | DATED: June 14, 2005 | HINSHAW & CULBERTSON |
| 2 | | |
| 3 | | "/s/ Joseph J. DeHope, Jr. (original signature retained by attorney Jeffrey S. Galvin)" |
| 4 | | By: _____ |
| 5 | | JOSEPH J. DEHOPE, JR.<br>Attorney for Defendant |
| 6 | | INSURANCE VENTURES, INC. |
| 7 | DATED: June 9, 2005 | COLTON & ROESSER |
| 8 | | "/s/ Roland C. Colton (original signature retained by attorney Jeffrey S. Galvin)" |
| 9 | | |
| 10 | | By: _____<br>ROLAND C. COLTON |
| 11 | | Attorney for Defendant and Counterclaimant<br>INSURANCE VENTURES, INC., and for Defendants |
| 12 | | ROLAND C. COLTON, PAUL M. ROESSER, and<br>LAW OFFICES OF COLTON & ROESSER |
| 13 | | |
| 14 | DATED: June 7, 2005 | BARGER & WOLEN LLP |
| 15 | | "/s/ John S. Pierce (original signature retained by attorney Jeffrey S. Galvin)" |
| 16 | | By: _____ |
| 17 | | JOHN S. PIERCE<br>Attorney for VESTA FIRE INSURANCE CORP., |
| 18 | | CALIFORNIA SELECT INSURANCE AGENCY,<br>INC., and JAMES R. WATJE |
| 19 | | |
| 20 | **IT IS SO ORDERED.** | |
| 21 | DATED: June 15, 2005. | /s/ Peter A. Nowinski |
| 22 | | HON. PETER A. NOWINSKI<br>UNITED STATES MAGISTRATE JUDGE |

DOWNEY BRAND LLP

CONFIDENTIALITY AGREEMENT FOR OTHERS

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as CONFIDENTIAL within the terms of the Protective Order entered in the action entitled <u>Vesta Fire Insurance Corp. v. Insurance Ventures, Inc.</u>, United States District Court for the Eastern District of California, Case No. CIV S-04-296 FCD PAN.

2. I have read the aforementioned Protective Order and I agree to be bound by it. I understand that I am prohibited from disclosing "Confidential" materials and testimony, and the contents thereof, to anyone except as allowed by the Protective Order.

3. I hereby agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for enforcement of this undertaking.

4. I declare the foregoing is true under penalty of perjury under the laws of the United States.

DATED:_____     _____

NAME: _____