UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VESTA FIRE INSURANCE CORP.,

       Plaintiff,

                        NO. CIV. S-04-0296 FCD PAN

    v.

INSURANCE VENTURES, INC.,
McNEE ROESSER, RONALD CLARK      MEMORANDUM AND ORDER
COLTON, STEPHANIE FRANCIS
SMITH, CARL FRANK, LAW
OFFICES OF COLTON & ROESSER,
and DOES 1 through 20,

       Defendants.
_____/

----oo0oo----

On May 6, 2005 plaintiff, Vesta Fire Insurance Corp. ("Vesta"), filed a motion for partial summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Defendants Insurance Ventures, Inc. ("IV"), Stephanie Francis Smith ("Smith"), and Carl Frank ("Frank"), filed a motion pursuant to Rule 56(f) for a continuance of the summary judgment motion to afford them

---

[1] All further references to the "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

additional time to conduct discovery necessary to oppose the motion. Defendants Paul McNeese Roesser ("Roesser"), Roland Colton ("Colton") and the Law Offices of Colton & Roesser ("C&R") joined in the motion.[2] Vesta opposes the motion, contending that defendants have been dilatory in conducting discovery, and that the discovery identified by defendants is either irrelevant to deciding the motion or not sufficiently specific to justify continuing the motion.[3] For the reasons stated herein, defendants' motion is GRANTED.

**BACKGROUND**

The underlying dispute in this matter arises out of a soured business relationship between Vesta and IV, in which IV acted as a non-exclusive general agent for Vesta for the purpose of procuring homeowners insurance business in California. In the complaint, filed February 9, 2004, Vesta alleges that defendants issued policies and collected policyholder premiums on Vesta's behalf, but failed to remit the premium payments to Vesta as required by the agreement. (Pl.'s Compl. ¶¶ 18-20.) The complaint asserts claims for declaratory relief, fraud, breach of contract, breach of implied covenant of good faith and fair dealing, mishandling of fiduciary funds, conversion and account stated. (Pl.'s Compl. ¶¶ 5-13.)

**STANDARD**

When a party opposing a motion for summary judgment cannot

---

[2] The court refers to the moving defendants and the defendants joining in the motion collectively as "defendants".

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. L.R. 78-230(h).

1  present "facts essential to justify his opposition" to the
2  motion, Rule 56(f) permits the party to submit an affidavit
3  stating such reasons, and the court may continue or deny the
4  motion if the opposing party needs to discover essential facts.
5  Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518
6  (9th Cir. 1987) (citing Hancock v. Montgomery Ward Long Term
7  Disability Trust, 787 F.2d 1302, 1306 (9th Cir. 1986)).  The
8  burden is on the party seeking additional discovery to
9  demonstrate that the information sought exists, and that it would
10 prevent summary judgment.  Nidds v. Schindler Elevator Corp., 113
11 F.3d 912, 921 (9th Cir. 1996), cert. denied, 118 S. Ct. 369
12 (1997).  The moving party must also demonstrate that it
13 diligently pursued previous discovery opportunities.  Qualls v.
14 Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994).

**ANALYSIS**

Vesta's motion seeks partial summary judgment of the following issues:

    (1)  IV, Colton and Roeser are fiduciaries of Vesta with regard to their treatment of Vesta's premium payments.

    (2)  IV, Colton and Roeser violated their fiduciary duties to Vesta by,

        (a)  Utilizing Vesta's funds to pay another carrier;

        (b)  Utilizing Vesta's funds to secure an increased letter of credit securing obligations IV owed to another carrier;

        (c)  Failing to account for premium amounts held in trust for Vesta;

        (d)  Failing to inform Vesta regarding how it was

|     |     |     |                                                                 |
| --- | --- | --- | --------------------------------------------------------------- |
| 1   |     |     | misusing its premium funds;                                     |
| 2   |     | (e) | Failing to provide access to its accounts;                      |
| 3   |     | (f) | Failing to establish a separate trust account; and              |
| 4   |     | (g) | Selling policies in contravention of Vesta's                    |
| 5   |     |     | underwriting instructions.                                      |
| 6   | (3) |     | IV breached the contract between IV and Vesta by                |
| 7   |     | (a) | Failing to segregate Vesta's premium funds                      |
| 8   |     |     | pursuant to terms of agreement;                                 |
| 9   |     | (b) | Failing to secure a surety bond pursuant to the                 |
| 10  |     |     | terms of the agreement;                                         |
| 11  |     | (c) | Failing to give Vesta adequate access to its trust              |
| 12  |     |     | fund account pursuant to the agreement;                         |
| 13  |     | (d) | Paying excessive commissions to IV;                             |
| 14  |     | (e) | Misappropriating Vesta's premium funds to pay                   |
| 15  |     |     | another carrier; and                                            |
| 16  |     | (f) | Selling policies in contravention of Vesta's                    |
| 17  |     |     | underwriting instructions.                                      |
| 18  | (4) |     | IV, Colton and Roeser violated Insurance Code §§ 1733           |
| 19  |     |     | and 1734 by not holding Vesta's funds in trust.  (<u>See</u>    |
| 20  |     |     | Pl.'s Mot. Summ. J. at  1-2.)                                   |

In its application for Rule 56(f) continuance, defendants assert that they need additional time to conduct discovery in order to formulate a response to Vesta's motion for summary judgment. Specifically, defendants identify four issue on which they need additional discovery.

First, defendants request additional discovery to demonstrate that they did not conceal information from Vesta regarding how they were using premium funds, (Issue (2)(d)

4

above). Defendants identify specific witnesses whose testimony will bear on whether defendants kept Vesta informed regarding use of premium funds. (Defs.' Mem. Supp. Mot. Suspent at 4.) The depositions of many of these witnesses are scheduled for this month.

Second, defendants seek further discovery to rebut the charge that they failed to provide Vesta with access to its accounts. Defendants contend that they can refute Vesta's claim that it had a right to be a signatory on the accounts. The contract is silent in this regard, and defendants assert that any such right would derive from the intent of the parties. Defendants seek to depose Vesta President Stephen Korducki, who signed the contract on behalf of Vesta, and James Watje, who was the primary contact for the Vesta/IV agreement.

Third, defendants seek discovery to rebut Vesta's charge that IV breached the contract by selling policies in contravention of Vesta's underwriting instructions. While defendants appear to concede that some policies were sold in contravention of the underwriting instructions, they contend that the scope of this alleged problem bears on whether there was a material breach of the contract. It is defendants' position that only a fraction (30%) of the policies identified by Vesta violated the underwriting guidelines.

Finally, defendants request additional discovery to refute the allegation that excessive commissions were paid to IV. Defendants appear to concede that IV used a different method to calculate its commissions than was specified in the contract. However, they contend that the different method resulted in early

5

payment, but not overpayment, of commissions.  Defendants seek additional discovery regarding premiums paid to Vesta to demonstrate that IV's total commissions were not greater than specified by the contract.[4]

The court finds that defendants have identified specific evidence that would prevent summary judgment of the above referenced issues.  <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d at 921.  Contrary to Vesta's contention, defendants identify with sufficient specificity the evidence they seek and its relevance to the issues raised by Vesta's motion.  While admittedly defendants do not identify additional discovery necessary to rebut each issue Vesta seeks to adjudicate, Vesta does not request that the court rule on its motion piecemeal, and the court finds that judicial economy is best served by continuing hearing on the motion as a whole.

The court further finds that defendants have not been dilatory in pursuing discovery.  Vesta is correct that defendants sought and obtained extensions of the deadlines in this case, in part due to the substitution of new counsel for defendants IV, Smith and Frank.  However, the court found good cause to grant the extensions and will not penalize defendants for seeking them. By this motion to continue, defendants do not seek further extension of the deadlines.  They merely ask to be able to utilize the remaining time to formulate an adequate response.

---

[4] Vesta argues that the amount of overcharge is irrelevant.  The court disagrees.  Vesta specifically seeks a judgment that IV received excessive commissions, not that it used the incorrect formula to calculate its commissions.  IV is entitled to discovery to rebut the charge that excessive commissions were in fact paid.

6

1  That said, however, the court finds that defendants do not
2 need an additional five months, as they request, to respond to
3 the motion.  It appears that most, if not all, of the depositions
4 defendants seek are scheduled in June, and responses to
5 defendants' document requests were due in late May.  As a result,
6 the court orders the hearing on Vesta's motion vacated and reset
7 for **September 23, 2005 at 10:00 a.m.**  This date provides
8 defendants ample time to evaluate additional discovery they
9 obtain and prepare a response to the motion.
10  IT IS SO ORDERED.
11 DATED: June 16, 2005.

                                /s/ Frank C. Damrell Jr.
                                FRANK C. DAMRELL, JR.
                                United States District Judge