IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTA FIRE INSURANCE CORP.,<br><br>                   Plaintiff,<br><br>     v.<br><br>INSURANCE VENTURES, INC.; PAUL<br>MCNEECE ROESSER; ROLAND CLARK<br>COLTON; STEPHANIE FRANCIS SMITH;<br>CARL FRANK; LAW OFFICES OF COLTON<br>& ROESSER; and DOES 1 through 10,<br><br>                   Defendants. | 2:04-cv-0296-GEB-PAN<br><br>ORDER[*] |

On January 25, 2006, Plaintiff noticed a motion to modify the Rule 16 Scheduling Order ("Motion to Modify"), and concurrently filed an application to shorten time for hearing the Motion to Modify. Plaintiff seeks to modify the Rule 16 Scheduling Order ("Scheduling Order") so that it may file a motion for partial summary judgment after the law and motion deadline. For the reasons stated below, the Motion to Modify is denied; therefore, the application to shorten time is denied since its is moot.

Plaintiff argues that modification of the Scheduling Order's December 21, 2005, law and motion deadline is appropriate because it

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  was "impossible" for it to have its motion for partial summary
2  judgment heard by the law and motion deadline.  (Mot. to Modify at 2.)
3  Plaintiff states that it was unable to comply with the deadline
4  because it wanted to include in its motion for partial summary
5  judgment "relevant evidence . . . [that] was not reasonably available
6  in sufficient time to prepare" its motion for hearing by the deadline.
7  (Id.; Decl. of John S. Pierce, Jan. 25, 2006, at 3.)  Plaintiff makes
8  a conclusory argument that it "diligently attempted to comply" with
9  the deadline by "actively pursu[ing]" "essential" deposition
10 testimony, but "[d]espite its diligence, [it] could not have" complied
11 with the law and motion deadline.  (Mot. to Modify at 6.)
12          Plaintiff's conclusory argument fails to explain why
13 Plaintiff could not have obtained the referenced discovery earlier so
14 that it could have filed its motion for partial summary judgment as
15 prescribed in the Scheduling Order.  Since this has not been
16 explained, Plaintiff has not shown that its requested modification of
17 the Scheduling Order meets the Rule 16 "good cause" standard. Johnson
18 v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  The
19 primary focus of the good cause standard is the diligence of the party
20 seeking modification. Id. at 609.  Where, as here, conjecture is
21 required as to whether the party seeking modification was diligent in
22 complying with the Scheduling Order, it is evident that good cause has
23 not been shown.
24          IT IS SO ORDERED.
25 Dated:  February 2, 2006
26
27                                 /s/ Garland E. Burrell, Jr.
                                   GARLAND E. BURRELL, JR.
                                   United States District Judge
28