IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTA FIRE INSURANCE CORP., ) | 02:04-cv-0296-GEB-PAN |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                        ) | ORDER |
| ) | |
| INSURANCE VENTURES, INC.;  ) | |
| PAUL MCNEECE ROESSER; RONALD ) | |
| CLARK COLTON; STEPHANIE    ) | |
| FRANCIS SMITH; CARL FRANK; ) | |
| LAW OFFICES OF COLTON      ) | |
| & ROESSER; DOES 1 THROUGH 10, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Vesta Fire Insurance Corp. ("Vesta") moves for partial summary judgment/adjudication of its claims against Defendants Insurance Ventures ("IV"), Roland Clark Colton ("Colton"), and Paul McNeese Roesser ("Roesser") (collectively "Defendants"). Specifically, Vesta asks that Defendants be declared fiduciaries of Vesta with regard to the treatment of Vesta's policyholders' premium payments, that Defendants be found to have breached their fiduciary duties, and that Defendants be found to have violated California Insurance Code sections 1733 and 1734. Vesta also asks that IV be

found to have breached its contract with Vesta.  Defendants oppose the motion.

## FACTS[1]

On or about October 31, 2002, Vesta entered into a General Agency Agreement ("Agreement") with IV under which IV was appointed Vesta's non-exclusive general agent for the purpose of procuring homeowner's insurance business in California.  (Pl.'s Statement of Undisputed Facts ("Pl.'s SUF") at 1-2.)  Under the Agreement, IV was responsible for collecting, receiving, and managing in trust all of Vesta's policyholders' premiums until they were remitted to Vesta.  (Id. at 3.)  All policyholder premiums collected by IV on Vesta polices remained the property of Vesta.  (Id. at 10-12.)

Pursuant to a subcontract, Equity Insurance Managers ("EIM") collected Vesta's premiums and performed other administrative duties for IV.[2]  (Id. at 36-38.)  The Agreement provided that IV would be solely responsible for performance of the duties and tasks set forth in the Agreement, whether performed by IV or EIM.  (Id. at 39-41.)

In March 2003, IV commenced selling homeowner's insurance on behalf of Vesta.  (Id. at 9.)  In June 2003, Vesta discovered that IV had not established a separate trust account for the deposit of Vesta's policyholders' premiums which IV collected.  (Id. at 58.)  Rather, Vesta's policyholders' premiums were being deposited into a trust account established for Explorer Insurance Company/Insurance Company of the West ("Explorer/ICW"), an insurance company IV had been

---

[1]  The facts are undisputed unless otherwise noted.

[2]  Defendants contend that they subcontracted with Equity Insurance Administrators ("EIA"), not EIM, to administer Vesta's premium trust accounts.  Defendants, however, offered no evidence in support of this contention.

2

1  writing homeowner's policies for prior to contracting with Vesta.
2  (Id. at 59.)  Vesta requested IV to establish a separate premium trust
3  account for the deposit of Vesta's policyholders' premiums, which IV
4  did on July 16, 2003.  (Id. at 60, 63-68.)  Vesta also requested that
5  Rick Espino, Jennifer Wiedrick, and James Watje be made signatories on
6  this trust account.  (Id. at 156-157.)  IV responded to this request
7  by making Jennifer Wiedrick a signatory on the account, but IV never
8  made Rick Espino and James Watje signatories as requested.  (Id. at
9  159.)

10       IV's failure to initially establish a separate account for
11 Vesta's premiums led Vesta to request that Baumann, Raymondo & Company
12 ("Baumann"), an independent accounting firm, inspect IV's and EIM's
13 files in October 2003.  (Id. at 69.)  At the conclusion of the
14 inspection, Baumann determined that IV owed Vesta $2,923,925 of
15 unremitted premiums.  (Id. at 72.)  Subsequently, Vesta demanded that
16 IV pay these premiums and that IV perform a full accounting of all
17 unremitted premiums.  (Id. at 73, 76-77.)  IV failed to remit the
18 funds Baumann found to be owed to Vesta and did not provide an
19 accounting.  (Id. at 78.)  It was later revealed that IV also
20 transferred money from Vesta's premium trust account to the
21 Explorer/ICW checking account without Vesta's knowledge or approval.
22 (Id. at 94-138.)
23 ////
24 ////
25 ////
26 ////
27 ////
28 ////

DISCUSSION[3]

I. Fiduciary Relationship

   A. IV

Vesta argues that IV is its fiduciary as to policyholders' premiums collected on behalf of Vesta, because IV is Vesta's agent under the terms of the Agreement. IV was an agent of Vesta since it is undisputed that under the Agreement IV had the power to bind Vesta to insurance policies with third parties and that IV did bind Vesta to homeowner's insurance policies. (Pl.'s SUF at 1-2, 9.) See Lewis v. Sup. Court of Los Angeles County, 30 Cal. App. 4th 1850, 1869 (1994) (discussing elements of an agency and fiduciary relationship). It is also undisputed that under the Agreement IV was solely responsible for receiving and managing the premium payments on policies it sold on Vesta's behalf. (Id. at 3.) Thus IV was Vesta's fiduciary under section 1733 and 1734 of the California Insurance Code. California Insurance Code section 1733 ("section 1733") provides that:

> [a]ll funds received by any person acting as an insurance agent . . . as premium . . . under any policy of insurance . . . are received and held by that person in his or her fiduciary capacity.

California Insurance Code section 1734 ("section 1734") enumerates the responsibilities of one acting in a "fiduciary capacity" under section 1733. Since IV has not presented any evidence that raises a genuine issue of material fact as to the obligations it owed Vesta, Vesta prevails on this portion of its motion.

////

////

---

[3] The standards applicable to Vesta's motion are well known, and need not be repeated here.

4

     B.   <u>Colton and Roesser</u>

Vesta argues that Colton and Roesser are its fiduciaries as to the policyholder premiums it collected on behalf of Vesta based on two separate theories. First, Vesta argues section 1733 makes Colton and Roesser its fiduciaries. Second, Vesta argues that California trust law establishes that Colton and Roesser are its fiduciaries. Vesta has failed to carry its burden on either theory. Therefore, this portion of Vesta's motion is denied.

II.  <u>Breach of Fiduciary Duty</u>

Vesta argues that Defendants breached fiduciary duties owed to Vesta. Colton and Roesser, however, have not been shown to be fiduciaries of Vesta. However, IV was Vesta's fiduciary and owed Vesta a duty to manage Vesta's premiums in Vesta's best interest. <u>Love v. Fire Ins. Exchange</u>, 221 Cal. App. 3d 1136, 1149 (1990).

     A.   <u>Improper use of Vesta's funds</u>

Vesta argues that IV breached its fiduciary duty to manage Vesta's funds in Vesta's best interest when it: (1) took Vesta funds to pay Explorer/ICW and (2) used Vesta funds to secure a letter of credit for the benefit of Explorer/ICW. IV was not authorized to use Vesta's funds for the benefit of another. <u>Mid-States Ins. Co. v. Am. Fid. & Cas. Co., Inc.</u>, 234 F.2d 721, 726 (9th Cir. 1956); <u>Middlesex</u>, 124 Cal. App. 3d at 572-573.

It is undisputed that IV took funds from Vesta's premium trust account and deposited them into Explorer/ICW's account. (Pl.'s SUF at 88-130.) IV counters since this money was later repaid to Vesta, Vesta does not prevail on this portion of its motion. This argument does not raise a genuine issue of material fact on Vesta's showing that IV wrongfully used Vesta funds to pay Explorer/ICW.

5

IV also argues it could not have used Vesta funds to secure the letter of credit because there were insufficient Vesta funds to do so.  However, IV has not presented any evidence in support of this argument.  Therefore, Vesta prevails on this portion of its motion.

    B.   <u>Failure to account</u>

Vesta argues that IV breached its fiduciary duty by failing to account for Vesta's commingled premium funds.  IV owed Vesta a duty to account for the Vesta's funds that were commingled with Explorer/ICW funds.  <u>Mid-States Ins. Co.</u>, 234 F.2d. at 727 (requiring fiduciary to account for principal's commingled trust funds).  It is undisputed that IV failed to perform an accounting of Vesta's premium payment funds after they were commingled with Explorer/ICW funds.  (Pl.'s SUF at 50-60, 78.)  Therefore, Vesta prevails on this portion of its motion.

    C.   <u>Failure to disclose material information to Vesta</u>

Vesta argues that IV breached its fiduciary duty to Vesta by not informing Vesta that it had: (1) commingled Vesta's premiums, (2) transferred Vesta funds to Explorer/ICW, and (3) secured a letter of credit with Vesta's premium payments as collateral.  A fiduciary must disclose all material facts to its principal concerning the subject of its agency; failure to do so constitutes a breach of fiduciary duty.  <u>Ziswasser v. Cole & Cowan, Inc.</u>, 164 Cal. App. 3d 417, 421 (1985).  Since it is undisputed that IV failed to disclose to Vesta that it had commingled Vesta's premiums and transferred Vesta funds to Explorer/ICW, Vesta prevails on this portion of its motion.

////
////
////

    D.   <u>Failure to follow Vesta's instructions</u>

Vesta argues IV breached its fiduciary duty to Vesta by not following Vesta's instructions: (1) to provide Vesta's staff with signature authority on Vesta accounts, (2) to establish a separate trust fund account for Vesta's premiums, and (3) to not sell homeowner's policies in contravention of Vesta's underwriting guidelines.

It is undisputed that IV established a separate trust account for Vesta's premiums upon Vesta's request. It is also undisputed that Rick Espino and James Watje were never made signatories on Vesta's premium trust account despite Vesta's request that they be made signatories. It is also undisputed that IV sold homeowner's policies in contravention of Vesta's underwriting guidelines. Therefore, Vesta prevails on this portion of its motion.

    E. <u>Commingling funds</u>

Vesta argues that IV breached its fiduciary duty to Vesta by failing to establish a separate trust account for Vesta's premium payments until four months after IV began selling Vesta policies and collecting premiums. (<u>Id.</u> at 60.) Under section 1734, IV was proscribed from commingling insurance premiums it collected on behalf of Vesta. <u>See</u> Cal. Ins. Code § 1734(b). Since it is undisputed that IV commingled Vesta and ICW/Explorer premiums, Vesta prevails on this portion of its motion.

### III. <u>Breach of Contract</u>

Vesta alleges IV breached the Agreement by: (1) commingling the funds of Vesta and Explorer/ICW, (2) failing to secure a surety bond, (3) failing to give access to Vesta's premium trust account, (4) improperly paying itself commissions, (5) paying Explorer/ICW with

Vesta funds, and (6) selling policies in contravention of Vesta's instructions.

### A. Commingling of funds

The Agreement required IV to maintain Vesta's policyholders' premiums in a separate trust account. (Pl.'s SUF at 10.) Vesta has presented undisputed evidence that IV did not create a separate trust account for Vesta's funds and commingled Vesta's funds with those of Explorer/ICW. (Id. at 50-52, 55-60.) Therefore, Vesta prevails on this portion of its motion.

### B. Surety bond

The Agreement also required IV to secure a surety bond for the benefit of Vesta. (Id. at 77.) It is undisputed that IV never secured the required surety bond. (Id. at 81-83.) Therefore, Vesta prevails on this portion of its motion.

### C. Access to accounts

Further, the Agreement required IV to permit Vesta to access and examine Vesta's policyholders' premium trust account. (Id. at 147.) Vesta, however, concedes that Jennifer Wiedrick was given access to the policyholders' premium trust account. Therefore, Vesta does not prevail on this portion of its motion.

### D. Excessive commissions

The Agreement provided IV was entitled to a commission of twenty-two percent on premiums collected. (Id. at 37.) Vesta has presented uncontroverted evidence that IV paid itself commissions based on the amount of policies written instead of on premiums actually collected. (Id. at 42-47.) IV rejoins that a complete accounting of all transactions reveals it was underpaid commissions. Even if IV is correct in this assertion, the assertion does not

1  controvert Vesta's showing that IV calculated and collected
2  commissions contrary to the terms of the Agreement.  Therefore, Vesta
3  prevails on this portion of its motion.
4    E.   Paying Explorer/ICW with Vesta funds
5        Vesta argues that IV breached the Agreement when it used
6  Vesta's funds to pay Explorer/ICW.  Vesta contends that by
7  transferring its funds to Explorer/ICW, IV violated the Agreement term
8  that prescribes IV "guarantee[s] payment of premiums[s] on Vesta
9  policies placed by IV on Vesta's behalf."  (Pl.'s Mot at 19.)
10 However, Vista has not shown that this provision of the Agreement was
11 breached.  Therefore, Vesta does not prevail on this portion of its
12 motion.
13   F.   Selling policies contrary to Vesta's instructions
14       The Agreement required IV issue insurance policies pursuant
15 to Vesta's underwriting guidelines.  (Id. at 174-176.)  It is
16 undisputed that IV sold homeowner's policies on property locations
17 explicitly excluded under Vesta's underwriting guidelines. (Id.
18 177-181.)  Therefore, Vesta prevails on this portion of its motion.
19 V.  Violation of California Insurance Code sections 1733 and 1734
20       Vesta argues Defendants violated sections 1733 and 1734 by
21 diverting Vesta's premium payments for their own benefit.  However,
22 Vesta has not shown that sections 1733 and 1734 apply to Colton and
23 Roesser. Further, Vesta's argument that "[Defendants] violated
24 sections 1733 and 1734 by using Vesta's premium[s] for their own
25 benefit . . ." is vague and fails to "inform[] the district court of
26 the basis for its motion."  Celotex Corp., 477 U.S. at 323.
27 Therefore, this portion of Vesta's motion is denied.
28 ////

## CONCLUSION

For the stated reasons, Vesta's motion is granted in part and denied in part.

Dated:  February 2, 2006

>                               /s/ Garland E. Burrell, Jr.
>                               GARLAND E. BURRELL, JR.
>                               United States District Judge