IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VESTA FIRE INSURANCE CORP., | ) | 02:04-cv-0296-GEB-PAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER* |
| | ) | |
| INSURANCE VENTURES, INC.; | ) | |
| PAUL MCNEECE ROESSER; RONALD | ) | |
| CLARK COLTON; STEPHANIE | ) | |
| FRANCIS SMITH; CARL FRANK; | ) | |
| LAW OFFICES OF COLTON | ) | |
| & ROESSER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff and Defendant Insurance Ventures, Inc.
("Defendant") have each separately moved for reconsideration of the
Court's Order filed February 9, 2006, which granted in part and denied
in part Plaintiff's motion for summary judgment.  Both motions were
filed on February 24, 2006.  The Rule 16 Scheduling Order set
December 21, 2005, as the last day for hearing law and motion matters.
(Order filed Sept. 29, 2005.)  The motions for reconsideration were
filed after the deadline for hearing law and motion matters, and are

---

* These motions were determined to be suitable for decision
without oral argument.  L.R. 78-230(h).

1

therefore denied as untimely.  Assuming, arguendo, that the Court must consider these late motions, they are denied for the reasons set forth below.

LEGAL STANDARD

Motions for reconsideration are disfavored, and are generally not granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)).[1] Motions for reconsideration are not the place for parties to make new arguments not introduced in their briefs, Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988), nor is it the place to "rehash" arguments already presented. Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

DISCUSSION

Plaintiff argues reconsideration is warranted because: (1) the Court erred in determining that Defendants Ronald Clark Colton ("Colton") and Paul McNeece Roesser ("Roesser") were not fiduciaries of Plaintiff under California Insurance Code section 1733 ("Section 1733") and (2) newly discovered evidence establishes Colton and Roesser were Plaintiff's fiduciaries.  Defendant argues reconsideration is warranted because the Court granted portions of Plaintiff's motion for summary judgment despite "questions of fact" raised by its opposition.

---

[1]  While the standards applicable to motions for reconsideration of final judgment or orders do not technically limit the Court's inherent power to reconsider interlocutory orders, the Court nonetheless finds them helpful guides to the exercise of its discretion.

Plaintiff argues the Court erred in deciding Colton and Roesser were not fiduciaries of Plaintiff under Section 1733. Section 1733 only applies to a "person acting as an insurance agent, broker, or solicitor . . . ." Cal. Ins. Code § 1733. Plaintiff's motion for summary judgment did not present an argument to establish that Section 1733 applied to either Colton or Roesser. However, in its motion for reconsideration Plaintiff presents arguments supporting the application of Section 1733 to Colton and Roesser. A court need "not consider . . . arguments presented for the first time in a motion for reconsideration." Christie v. Iopa, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999); see also Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories."). Therefore, Plaintiff has not presented a valid basis for reconsideration.

Plaintiff also argues that new evidence establishes Colton and Roesser were its fiduciaries. A party moving for reconsideration based on new evidence bears the burden of demonstrating that the evidence: "(1) is truly newly-discovered; (2) could not have been discovered [before the filing of the original motion] through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." United States v. Wetlands Water Dist., 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001) (internal citations omitted). Plaintiff has not shown that the new evidence on which it relies could not have been discovered through due diligence before its motion for summary judgment was made. Therefore, this basis for reconsideration is also invalid.

1    Defendant's motion for reconsideration is premised on its

2    contention that the evidence presented in opposition to Plaintiff's

3    motion raised "questions of fact," which make the Court's Order

4    incorrect.  "A party seeking reconsideration must show more than a

5    disagreement with the Court's decision, and recapitulation of . . .

6    arguments considered by the court before rendering its original

7    decision fails to carry the moving party's burden." <u>Westlands Water

8    Dist.</u>, 134 F. Supp. 2d at 1131.  Therefore, Defendant's motion for

9    reconsideration is denied.

10    Since the deadline for filing law and motion matters has

11   passed, no further motions for reconsideration of these matters shall

12   be filed.

13    IT IS SO ORDERED.

14   Dated:  March 1, 2006

15
                              <u>/s/ Garland E. Burrell, Jr.</u>
16                            GARLAND E. BURRELL, JR.
                              United States District Judge
17

18

19

20

21

22

23

24

25

26

27

28